UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

RODNEY DELONG    527086                )
(Full Name)      (Register No.)        )
                                       )
_____)
                                       )
_____)
                                       )
         Plaintiff(s),                 )
    v.                                 )    No. _____
                                       )
NANCY ALLDRIDGE, et al.                )    01-6144-CV-SJ-SOW-P
(Full Name)                            )
_____)
                                       )
_____)
                                       )
         Defendant(s).                 )

FILED NOV 14 2001
P. L. BRUNE, CLK.
U.S. DISTRICT COURT
WEST DISTRICT OF MISSOURI

**COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983**

I.  Place of present confinement of plaintiff(s): <u>Crossroads Correctional Center, 1115 East Pence Rd., Cameron, Mo. 64429</u>

II. Parties to this civil action:

   Please give your commitment name and any other name(s) you have used while incarcerated.

   A. Plaintiff: <u>Rodney Delong 527086</u>   Register No. ___

      Address: <u>Crossroads Correctional Center, 1115 East Pence Road, Cameron, Missouri 64429</u>

   B. Defendant <u>Nancy Alldridge</u>

      is employed as <u>Functional Unit Manager</u>
         Western Reception Diagnostic Correctional Center
      at <u>3401 Faraon, St. Joseph, Missouri 64506</u>

   She is sued in her individual and official capacity.
   For additional plaintiffs or defendants, provide above information
   in same format  on a separate page.

III. Do your claims involve medical treatment?    ~~YES~~   (No)

1

Case 5:01-cv-06144-SOW   Document 1   Filed 11/14/01   Page 1 of 12

Defendant Harry P. Lyon, is employed as a Correctional Officer I, at the Western Reception Diagnostic Correctional Center in St. Joseph, Missouri. He is sued in his individual and official capacity.

Defendant, Noreen Ward, is employed as a Correctional Officer I, at the Western Reception Diagnostic Correctional Center in St. Joseph, Missouri. She is sued in her individual and official capacity.

Defendant, Ron Schmitz, is employed as the Superintendent of the Western Reception Diagnostic Correctional Center in St. Joseph, Missouri. He is sued in his individual and official capacity.

Defendant, John Doe, is employed as Associate Superintendent of Offender Management at the Western Reception Diagnostic Correctional Center in St. Joseph, Missouri. He is sued in his individual and official capacity.

Defendant, Mike Kemna, is employed as the Superintendent of the Crossroads Correctional Center in Cameron, Missouri. He is sued in his individual and official capacity.

All of the named defendants herein were acting under the color of state law at all times relevant to this complaint.

IV. Do you request a jury trial? Yes **XX** No

V. Do you request money damages? Yes **XX** No

State the amount claimed.   $ __10,000__ / __$100,000__
(actual/punitive)

VI. Are the wrongs alleged in your complaint continuing to occur?
Yes **XX** No

VII. Grievance procedures:

A. Does your institution have an administrative or grievance procedur
Yes **XX** No

B. Have the claims in this case been presented through an administrai or grievance procedure within the instutition? Yes **XX** No

C. If a grievance was filed, state the date your claims were presente how they were presented, and the result of that procedure. (Attach a copy of the final result).

__Offender Grievance on June 6, 2001; denied July 23, 2001:__

__Offender Grievance Appeal on August 9, 2001; refused to answer__

__within the time limits per Institutional Policy__

D. If you have not filed a grievance, state the reasons.

__N/A__

VIII. Previous civil actions:

A. Have you begun other civil actions in state or federal cour dealing with the same facts involved in this action? Yes
No **XX**

B. Have you begun other civil actions in state or federal courts whi have been dismissed? Yes ___ (No)

C. If your answer is "yes" to either of the above questions, provid the following information for each case. **N/A**

2

Case 5:01-cv-06144-SOW   Document 1   Filed 11/14/01   Page 3 of 12

(1) Style: __N/A_____
        (Plaintiff)                      (v.)             (Defendan

(2) Dated filed: __N/A_____

(3) Court where filed: __N/A_____

(4) Case number and citation: __N/A_____

(5) Basic claim made: __N/A_____

(6) Date of disposition: __N/A_____

(7) Disposition: __N/A_____
        [(pending) (on appeal) (resolved)]

(8) If resolved, state whether for:
   __N/A_____
   [(plaintiff)    or    (defendant)]

For additional cases, provide the information in the same format on separate page.

IX. Statement of claim
    A. State here as briefly as possible the facts of your claim. Describe how each named defendant is involved. Include the names of other persons involved, dates and places. Describe specifically the injuries incurred. Do not give any legal arguments or cite any cases or statutes. You may do that in Item "B" below. If you allege related claims, number and set forth each claim in a separate paragraph. Use as much space as you need to state the facts. Attach extra sheets, if necessary. Unrelated separate claims should be raised in a separate civil action.

**SEE ATTACHED PAGES**

_____

_____

_____

_____

_____

3

IX (A) - On November 28, 2000, while housed at the Western Reception Diagnostic Correctional Center, plaintiff was involved in a fight with Inmate Arata Leety, Reg. No. 1033893. Plaintiff and Inmate Leety were taken to the Administrative Segregation Unit, where Leety was placed in a cell and plaintiff was left in the open wing, on a bench, to await transfer to the prison hospital to treat the injuries sustained in the altercation.

While awaiting to be transferred to the prison hospital, Inmate Leety was removed from his cell in Ad. Seg. to use the phone. Words were exchanged between plaintiff and Leety and another fight ensued.

Two days later, November 30, 2000, plaintiff was released from prison on parole supervision. Plaintiff was never issued a conduct violation, written by Defendant Ward, for Rule 2 (Assault). Was never interviewed on a conduct violation, by Defendant Lyon. Never attended a hearing nor was notified of a disciplinary report being written or heard.

On December 4, 2000, four days after plaintiff was released from prison, a hearing was held in plaintiff's absence where plaintiff was found guilty of a Major Rule infranction, Rule 2 (Assault), and sanctioned by Defendant Alldridge, who was the Adjustment Officer, to "(1) 30 days Dis-seg (B) 12-4-00 (E) 1-3-01; (2) Refer for prosecution." This action was modified by the John Doe defendant who was the Associate Warden of Offender Management, on December 6, 2000, who modified the violation to delete No. 2 (refer for prosecution). This was approved by Defendant Schmitz on the same date, December 6, 2000. All with the knowledge that plaintiff was released from prison four days prior to the hearing. Was not present during the disciplinary hearing. Was not allowed to call witnesses, make a statement or even being notified that a hearing was being held. The Disciplinary Action Report even states that plaintiff was released from prison prior to the hearing.

On January 11, 2001, plaintiff was returned to prison on a new charge and a parole violation. Plaintiff was again assigned to the Western Reception Diagnostic Correctional Center. He was

3-A

not placed in Administrative Segregation or ever notified of the actions taken after his release from prison. On February 28, 2001, plaintiff was transferred to the Crossroads Correctional Center and placed in Administrative Segregation per orders of Defendant Kemna. The Crossroads Correctional Center (CRCC) is a level 5 security institution. Upon plaintiff's arrival at CRCC he was told that he was being placed in Ad. Seg. per orders of Defendant Kemna for Rule 2 (Assault). Plaintiff remained in Administrative Segregation for ninety (90) days, and to this day remains at a level 5 institution based on this violation he received after being released from prison.

Upon learning the circumstances of why he was at a level 5 institution and being held in Ad. Seg., plaintiff requested a grievance while in Administrative Segregation. He was never given this form. After release from Ad. Seg., plaintiff then filed a grievance concerning the violation of his due process rights in how the hearing was held after he was released from prison and the fact he was not notified of this hearing or allowed to attend or present evidence or speak in his own behalf. Defendant John Doe, the Associate Superintendent of Offender Management answered the grievance by stating that plaintiff failed to file his grievance within the fifteen days from the incident. This is the same defendant that approved the illegal manner in which this hearing was held and approved of the hearing in the first place. Plaintiff appealed in accordance with the grievance procedure and the Zone Director refused to even address the grievance within the time limitations outlined in the Offender Grievance Procedure.

The issuance of the Conduct Violation and guilty finding thereof will "inevitably" have a significant effect on the duration of plaintiff's sentence in his bid for early release on parole. It has also subjected plaintiff to be assigned to a custody level 5 institution with dangerous offenders and long term offenders.

3-B

B. State briefly your legal theory or cite appropriate authority:

SEE ATTACHED PAGES

V. Relief: (State briefly exactly what you want the court to do for you Make no legal arguments.)
SEE ATTACHED PAGES

XI. Counsel:
A. If someone other than a lawyer is assisting you in preparing this case, state the persons's name.

William Scott Sours (inmate paralegal)

B. Have you made any effort to contact a private lawyer to determine if he or she would represent you in this civil action?
Yes (____)    No ( XX )

If so, state the name(s) and address(es) of each lawyer contacted, and give the results of those efforts:

N/A

4

IX (B) - The plaintiff invokes the jurisdiction of this Court pursuant to 28 USC, Section 1331(a) and the Civil Rights Act under 42 USC, Section 1983. Plaintiff further invokes 42 USC, Section 1985 which provides for damage actions against persons who "conspire ... for the purpose of depriving ... any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 USC, Section 1985(3), and 42 USC, Section 1986 which provides for damage liability for anyone "who, having knowledge that _a Section 1985 conspiracyÑ is about to be committed, does nothing about it." 42 USC, Section 1986.

The defendants herein have denied the plaintiff the due process of law and the equal protection of the law when they held a hearing and made a finding of guilty in the CDV in a procedurally improper manner in imposing punishment for a violation of prison rules. **Jones v. Mabry**, 723 F.2d 590, 593 (8th Cir. 1983). **Wolff v. McDonnell**, 418 US 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), delineates the due process requirements in a disciplinary proceeding. The touchtone of due process is freedom from arbitrary government action, **Wolff**, 418 US at 558, 94 S.Ct., at 2975, but "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Id. at 556, 94 S.Ct., at 2974. Chief among the due process minima outlined in Wolff was the right of an inmate to call and present witnesses and documentary evidence in his defense before the disciplinary board. Yet, as explained in Wolff, at least minimum requirements of procedural due process appropriate for the circumstances must be observed. Id. at 558, 94 S.Ct., at 2963. Minimum requirements include a notice that is something more than a mere formality. Although the hearing requirement may be met by an "informal, nonadversary" proceeding. **Hewitt**, 459 US at 476, 103 S.Ct. 864, it is bedrock requirement of due process that such a hearing be held "at a meaningful time and in a meaningful manner," **Mathews v. Eldridge**, 424 US 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). A hearing is not "meaningful" if a prisoner is not notified of

4-A

Case 5:01-cv-06144-SOW    Document 1    Filed 11/14/01    Page 8 of 12

this hearing, or allowed to attend and present evidence in his defense.

While prison officials are given substantial deference in the execution of policies, **Jolly v. Coughlin**, 76 F.3d 468, 476 (2nd Cir. 1996), a disciplinary hearing, in order to comport with due process, must provide the inmate: (1) 24 hour advance notice of the charges; (2) the opportunity to appear at the hearing, call witnesses and present rebuttal evidence; and (3) a written statement as to the evidence relied on and reasons for their decision. See **Wolff**, at 563-72. Herein the plaintiff was never even notified of the charges and was released from prison prior to the hearing to determine his guilt. He wasn't notified of the hearing and if so, could not have attended the hearing unless allowed back into the prison after being released. The entire disciplinary process did not comport with the minimum due process required by the Supreme Court in prison disciplinary hearings.

Furthermore, a plaintiff who succeeds on a procedural due process claim is entitled to those damages that are caused by the denial of due process required by the Constitution. **Alston v. King**, 231 F.3d 383 (7th Cir. 2000).

X - RELIEF

A. Issue a declaratory judgment stating that:

    1. That the procedures used in finding the plaintiff guilty of the Conduct Violation Report violated the plaintiff's due process rights under the Fourteenth Amendment and plaintiff's Eighth Amendment rights not to be punished without the due process of law.

    2. That defendants Alldridge, John Doe, and Schmitz conspired to deny the plaintiff the equal protection of the law and his due process rights under the Constitution when they were fully aware that plaintiff had been released from prison and could not attend or was notified of the disciplinary hearing that was held.

    3. That defendant Alldridge denied the plaintiff the right to make a statement in his own defense. To be present at the hearing. To hear the evidence against him and make rebuttal thereto, and a written statement of the findings, in violation of the due process clause of the Constitution and Amendments Fourteen and Eight of the United States Constitution.

    4. That defendants Alldridge, John Doe, Schmityz, and Kemna conspired to punish the plaintiff without the due process of law.

    5. That defendants Lyon and Ward, denied the plaintiff of the opportunity to be presented with the charges being placed against him and the opportunity to confront his accuser in violation of the due process clause of the United States Constitution.

B. Award compensatory damages in the following amounts:

    1. $10,000 jointly and severally against defendants Alldridge, Lyon, Ward, Schmitz, Doe, and Kemna, for their actions resulting in the punishment and emotional injury caused fro their actions and that resulted in the denial of due process and the equal protection of the law in connection with the plaintiff's disciplinary proceeding.

D. Award Punitive damages in the following amounts:

    1. $100,000 each against defendants Alldridge, Doe, and Schmitz.

    2. $50,000 each against defendants Lyon and Ward.

    3. $25,000 against defendant Kemna.

E. Grant such other relief as it may appear that plaintiff is entitled.

4-D

If not, state your reasons:

I do not have the funds or contacts to hire a lawyer on a consignment basis.

C. Have you previously had a lawyer representing you in a civil action in this court?
Yes (____)   No ( XX )

If so, state the lawyer's name and address:

N/A

I declare under penalty of perjury that the foregoing is true and correct.

Executed (signed) this 30th day of October, 20 01.

*Rodney DeLong* #527086

(Signature(s) of Plaintiff(s))

W.D. Mo. 5/96

5